MICHAEL O'GRADY *vs.* JOHN S. KEYES.

A defendant in replevin, who has obtained judgment for a return of the goods replevied, may maintain an action against a sheriff for the default of his deputy in taking a defective replevin bond, if the goods have disappeared so that they cannot be returned; and in such case the measure of damages is the value of the goods at the time of the taking, with interest, and the costs up to the time when, by taking advantage of the defect in the bond, the defendant in replevin might have procured a dismissal of the action.

The omission seasonably to take advantage of a defect in the bond, in an action of replevin, does not affect the defendant's right of action against the officer for taking it.

TORT for the default of a deputy sheriff. The following facts were agreed: The defendant was the sheriff of Middlesex county, and in August 1855 John Costigan, having brought an action of replevin against the present plaintiff, delivered the writ to S. B. Page, a deputy of the defendant, by whom it was regularly served, with the exception that no penal sum was ever

---

\* See *St.* 1860, *c.* 65.

inserted in the replevin bond. The goods were appraised at $48.50, and this was their real value. The action was duly entered, and, the present plaintiff having appeared and answered thereto on the merits, was continued in court for several terms, when a motion to dismiss was filed, and several terms thereafter Costigan became nonsuit, and the present plaintiff had judgment for a return of the goods, with nominal damages for the taking, and costs. A writ of return was duly issued and committed to a proper officer, who made return thereon that he could not find the goods replevied. No writ of reprisal was ever issued.

Upon these facts it was submitted to the court whether the defendant is liable at all in this action, and, if so, for what sum.

*W. P. Webster*, for the plaintiff.

*D. S. Richardson & J. S. Keyes*, for the defendant.

CHAPMAN, J. The plaintiff is entitled to recover for all the damage done to him by the defendant's deputy. The damage consists of two items : (1.) Taking the plaintiff's goods, to the value of $48.50, with interest from the time of taking. (2.) Compelling the plaintiff to attend court at the return term of the writ of replevin, to get the action dismissed because no valid bond had been taken. But the costs of the subsequent terms arose from his neglect to take advantage of the defect at the first term, and the defendant is not responsible for them.

The defendant contends that the plaintiff waived the defect in respect to the bond by answering to the action. But a waiver of this character extends only to the right of the plaintiff to prosecute the action. It does not affect his claim against the officer for taking his goods without furnishing the security of a bond such as the statute requires.